UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONY SHAW,<br><br>Plaintiff(s),<br><br>v.<br><br>NP SANTA FE, LLC DBA SANTA FE STATION HOTEL & CASINO, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-515 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant NP Santa Fe, LLC ("Santa Fe"), Red Rock Resorts, Inc., and Station Casinos, LLC's (collectively, "defendants") first motion to dismiss. (ECF No. 5). Neither a response nor a reply was filed.

Also before the court is defendants' motion to dismiss plaintiff's first amended complaint. (ECF No. 9). Plaintiff Tony Shaw ("plaintiff") filed a response (ECF No. 24), to which defendants replied (ECF No. 26).

**I.     Facts**

Plaintiff's amended complaint alleges multiple causes of action, including violations of federal public accommodations law, federal civil rights law, and state tort claims against defendants. (ECF No. 8).

Plaintiff, who is an African-American male, alleges that between midnight and 1:00 a.m. on March 22, 2016, he was at Santa Fe waiting to play blackjack in the casino area. (*Id.*). Plaintiff alleges that while he was waiting, he was approached by one of Santa Fe's casino floor managers, "Steve" ("the employee"). (*Id.*). After approaching plaintiff, the employee allegedly said, "Hey, do you know what my late, great dad used to say? There is nothing better than

**James C. Mahan**
**U.S. District Judge**

hanging a man with a nice new shiny rope." (*Id.*). Plaintiff alleges that he felt scared and intimidated by the employee's statement, and therefore decide to file a written complaint with Santa Fe at approximately 2:53 a.m. on March 22, 2016, regarding the incident. (*Id.*).

Plaintiff initiated the instant action against defendants on March 21, 2018. (ECF No. 1). Defendants filed their first motion to dismiss on July 2, 2018. (ECF No. 5). Subsequently, on July 16, 2018, plaintiff filed his first amended complaint. (ECF No. 8). Defendants then filed a motion to dismiss the amended complaint on July 30, 2018. (ECF No. 9). The court now addresses both motions to dismiss.

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint

alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As a preliminary matter, defendant's first motion to dismiss (ECF No. 5) is denied as moot. Plaintiff's amended complaint, filed on July 30, 2018, renders moot the original complaint, and thus the motion to dismiss that complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("an amended complaint supercedes [sic] the original complaint and renders it without legal effect").

Plaintiff's amended complaint raises six causes of action: (1) violation of 42 U.S.C. § 2000a; (2) violation of 42 U.S.C. § 1981; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) negligence; and (6) negligent training, supervision, and retention. (ECF No. 8). Defendants now move to dismiss the amended complaint in its entirety. (ECF No. 9).

*a. Plaintiff's first and fourth causes of action*

The parties agree that plaintiff's amended complaint fails to sufficiently allege the elements of plaintiff's first and fourth causes of action for violation of 42 U.S.C. § 2000a and

James C. Mahan
U.S. District Judge

- 3 -

negligent infliction of emotional distress, respectively. (ECF No. 24 at 9, 13). Therefore, the court will dismiss these causes of action without prejudice.

Plaintiff argues, however, that the court should grant plaintiff leave to amend his complaint to properly assert these causes of action. The court will not entertain this request as plaintiff has not filed a separate motion for leave to amend his complaint, as required by this district's local rules. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

  *b. Plaintiff's second cause of action for violation of 42 U.S.C. § 1981*

To state a claim under 42 U.S.C. § 1981 in a case "arising in a commercial, non-employment context," the Ninth Circuit has held that a plaintiff must allege: "(1) [he] is a member of a protected class, (2) [he] attempted to contract for certain services, and (3) [he] was denied the right to contract for those services." *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006).

Defendants argue in their motion to dismiss that plaintiff has failed to properly allege that he was denied services or suffered actual loss of a contractual interest. (ECF No. 26 at 7). A single discriminatory remark, defendants assert, is not enough to constitute denial of services in this context. *Id.* at 9 (quoting *Childs v. Boyd Gaming Corp.*, 2018 U.S. Dist. LEXIS 154333, *10 (D. Nev. Sept. 11, 2018) ("In the context of service and retail establishments, courts have declined to find § 1981 violations where the plaintiffs were 'denied neither admittance nor service, nor were they asked to leave.'")). The court agrees.

Plaintiff's amended complaint does not allege that he was either asked to leave or otherwise denied any services by Santa Fe. Plaintiff does assert that he felt "embarrassed, humiliated, angered, and intimidated" by the employee's comment. (ECF No. 8 at 7). While plaintiff's feelings are understandable, neither plaintiff's feelings nor the employee's insulting remark constitutes a denial of the right to contract for services sufficient to state a § 1981 claim. *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1118 (10th Cir. 2001) ("We are aligned with all the courts that have addressed the issue that there must have been interference

with a contract beyond the mere expectation of being treated without discrimination while shopping.").

Accordingly, because plaintiff's allegations fail to satisfy the necessary elements of a claim arising under 42 U.S.C. § 1981, plaintiff's second cause of action is dismissed.

    *c. Plaintiff's third cause of action for intentional infliction of emotional distress*

To establish a claim for intentional infliction of emotional distress in Nevada, plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) [plaintiff] having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125 (1981). However, "insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to establish liability for emotional distress. *Candelore v. Clark Cty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992).

As defendants correctly point out in their motion to dismiss, plaintiff has failed to allege conduct by defendants or any of their employees that goes beyond verbal insults. (ECF No. 9 at 8). Because insults alone cannot form the basis of an intentional infliction of emotional distress claim, the court must dismiss plaintiff's third cause of action. *See Candelore*, 975 F.2d at 591.

    *d. Plaintiff's fifth cause of action for negligence*

A prima facie claim for negligence under Nevada law requires: "(1) an existing duty of care; (2) breach; (3) legal causation; and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217 (2008). However, employers cannot be held liable for the intentional actions of their employees if the action was not reasonably foreseeable. Nev. Rev. Stat. Ann. § 41.745. The "conduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." *Id.*

Defendants argue that plaintiff has not alleged facts indicating defendants should have reasonably anticipated the employee's discriminatory behavior. (ECF No. 9 at 13). To support their argument, defendants rely on *Wood v. Safeway*, in which the Nevada Supreme Court held that a sexual assault by an employee of an independent contractor against a store's clerk was not reasonably foreseeable to the employer, as the employer had never received any complaints

about the employee and the employee had no criminal record. *Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005). Defendants aver that plaintiff fails to plead anything more than conclusory statements suggesting reasonable foreseeability, and therefore plaintiff's negligence claim must fail as a matter of law. (ECF No. 9 at 13). The court agrees.

Plaintiff's only allegation regarding the foreseeability of the employee's comment is a single sentence in the amended complaint that states, "[i]t was reasonably foreseeable to Defendants that [the employee's] racially charged statement would cause [p]laintiff . . . to suffer severe emotional distress." (ECF No. 8 at 10). Not only does this conclusory statement fail to meet the pleading standard required—it also asserts an incorrect standard of foreseeability. *See Iqbal*, 556 U.S. at 678. Indeed, to be held liable for negligence, an employer in Nevada must reasonably foresee the negligent *actions* of its employee, not the harm that may result from those actions. *See Wood*, 121 P.3d at 1036 ("NRS 41.745 also requires an element of foreseeability, in effect raising the standard and making employers liable only when an employee's intentional conduct is reasonably foreseeable under the circumstances."). Accordingly, plaintiff's fifth cause of action is dismissed.

*e. Plaintiff's sixth cause of action for negligent training, supervision, and retention*

A claim for negligent hiring, retention, and supervision requires a showing that: "(1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of the plaintiff's injuries; and (4) damages." *Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1280 (D. Nev. 2014) (citing *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996)). "Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F. Supp. 3d 1267, 1277 (D. Nev. 2015) (citation omitted).

As with plaintiff's negligence claim, defendants argue that plaintiff has failed "to allege facts—beyond mere formulaic recitations of the elements—demonstrating that relief is

James C. Mahan
U.S. District Judge

- 6 -

warranted." (ECF No. 9 at 14). The court agrees. Plaintiff's sixth cause of action sets forth similar allegations to those it sets forth in its negligence claim, both of which the court finds insufficient to state a claim. *See* (ECF No. 8 at 10–11). Therefore, plaintiff's sixth cause of action must be dismissed.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion to dismiss the amended complaint (ECF No. 9) be, and the same hereby is, GRANTED without prejudice.

DATED December 6, 2018.

_____
UNITED STATES DISTRICT JUDGE