Margaret A. McLetchie, NBN 10931
Alina M. Shell, NBN 11711
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300
*Attorneys for Plaintiff, Tony Shaw*

ATTORNEYS AT LAW
701 EAST BRIDGER AVE, SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TONY SHAW,<br><br>        Plaintiff,<br><br>vs.<br><br>NP SANTA FE, LLC DBA SANTA FE STATION HOTEL & CASINO, a Nevada Limited Liability Company; STATION CASINOS, LLC, a Nevada Limited Liability Company; and RED ROCK RESORTS, INC., a Delaware corporation,<br><br>        Defendants. | Case. No.: 2:18-cv-00515-JCM-PAL<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The parties to this action, by their respective counsel, having agreed to the following, and for good cause shown pursuant to Fed. R. Civ. P 26(c)(1), IT IS HEREBY ORDERED as follows:

1.       **PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under law to treatment as confidential.

/ / /

1

## 2. **SCOPE.**

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "Discovery Material") shall be subject to this stipulated protective order concerning confidential information as set forth below. Any party, or any third party who produces documents in this litigation, may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has, in good faith, determined that the documents contain "Confidential Information," as defined below, and pursuant to the procedure set forth below.

## 3. **CONFIDENTIAL INFORMATION.**

"Confidential Information" shall mean information meriting special protection under the Federal Rules of Civil Procedure and applicable case law. Confidential Information does not include information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the Receiving Party; (c) the Receiving Party can show was in its rightful and lawful possession at the time of disclosure; or (d) the Receiving Party lawfully receives from a Non-party later without restriction as to disclosure.

## 4. **OTHER DEFINITIONS.**

Party: any party to this action, including all of its officers, directors, agents, and attorney(s) of record for a Party in this action (including their associates, paralegals, and support/ clerical staff).

Non-party: any individual, corporation, association, or natural person or entity other than a party.

Protected Material: any Discovery Material containing Confidential Information that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified below; or

(c) the Designating Party withdraws its confidentiality designation in writing.

Producing Party: a Party or Non-party that produces Discovery Material in this action.

Receiving Party: a Party that receives Discovery Material from a Producing Party.

Designating Party: a Party or Non-party that designates Discovery Material as "CONFIDENTIAL". The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such items.

Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

**5.      FORM AND TIMING OF DESIGNATION.**

Protected Material shall be so designated by the Producing Party by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making appropriate markings in the margins but not over text or by redacting protected portions.

A Confidentiality Log must accompany any production of Protected Material that includes the Bates numbers of the documents designated (or the portions thereof) as "Confidential" and the basis for doing so.  A certification by the reviewing attorney shall be made concurrently with the disclosure of the document using the form attached hereto as

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

Exhibit A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure, and shall be accompanied by a Confidentiality Log in the form included at Exhibit A.  If an unrepresented Non-party is a Producing Party and desires to designate documents as Confidential as a Designating Party, a certification need not be executed but a Confidentiality Log of all confidential designations still must be provided.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriated markings in the margins or by redacting protected portions).

Portions of depositions shall be designated CONFIDENTIAL when the deposition is taken or within fourteen (14) business days after receipt of the transcript, if feasible. Such designation shall be specific as to the portions to be protected. A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific materials that qualify for protection under the appropriate standards.

Inadvertent or unintentional production of Protected Material without prior designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of the right to designate documents as Protected Material as otherwise allowed by this Order. Further, a Party may assert that disclosures or discovery material produced by another Party constitute Protected Material by informing the opposing Party by following the procedures set forth herein for a Designated Party.

/ / /

6.      **PROTECTION OF PROTECTED MATERIAL.**

**a. General Protections.** Protected Material shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting litigation in the above-entitled action (including any appeal).

**b. Qualified Receiving Parties and Limited Third Party Disclosures.** Protected Material shall be held in confidence by each qualified Receiving Party to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. All Protected Material shall be carefully maintained so as to preclude access by persons who are not qualified Receiving Parties.

Subject to these requirements, in addition to Parties and the Court, the following categories of persons may be allowed to review Protected Material pursuant to this Order after executing an acknowledgment (in the form set forth at Exhibit B hereto), that he or she has read and understands the terms of this Order and is bound by it:

(1) Any officers, directors, or designated employees of a Party deemed necessary by counsel of record in this action to aid in the prosecution, defense, or settlement of this action;

(2) Professional outside vendors for attorneys of record (such as copying services and translators and interpreters),

(3) Court reporters, deposition notaries and staff;

(4) The author of any document designated as CONFIDENTIAL or the original source of Confidential Information contained therein;

(5) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(6) Deponents during the course of their depositions;

(7) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered

5

in these proceedings or indemnify or reimburse payments or costs associated with these proceedings;

(8) Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel;

(9) Any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**c**. **Control of Documents.** Counsel for Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. No copies of Protected Material shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.

**d. Copies.** Any person making copies of Protected Material shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order. All copies shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

### 7. <u>UNAUTHORIZED DISCLOSURE.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

/ / /

/ / /

## 8.  **FILING PROTECTED MATERIAL**

Subject to the Federal Rules of Evidence, Protected Material may be filed with the Court or offered in evidence or hearing or trial of this case. This Order does not seal court records in this case or apply to disclosure of Protected Material at trial. Further, the parties understand that documents may be filed under seal only with the permission of the Court after proper motion. Further, the fact that documents have been designated as "CONFIDENTIAL" shall not be admissible evidence that the documents in fact contain information entitled to protection from disclosure under the law.

However, in the event a Party seeks to file Protected Materials with the Court, those documents shall be filed under seal pursuant to Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada. The Party filing such Protected Materials may assert in the accompanying motion any reasons why the Protected Materials should not, in fact, be kept under seal and the Designating Party, who must be properly noticed, may likewise file a motion asserting its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of Civil Procedure and attaching a declaration supporting the assertion that the designated material meets the applicable standard. In such instances, absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Protected Materials to the Court shall first consult with counsel for the Designating Party.

Further, the Parties recognize the presumption of public access inherent in judicial records and that a Protective Order does not establish that documents meet the "standard for sealing set forth in Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada and the Ninth Circuit's decisions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178.  The only exception to this rule is that only good cause need be established

"for sealed materials attached to a discovery motion unrelated to the merits of a case." *Chrysler Group¸*809 F. 3d at 1097 (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1213–14 (9th Cir.2002).). Further, the Court should make an independent determination regarding whether documents merits sealed status, and thus expressly reserves the right to do. *Kamakana*, 447 F.3d at 1186-87.

       **9.**     **CHALLENGES TO PROTECTED MATERIAL.**

Any designation of Protected Material is subject to challenge. The following procedures shall apply to any such challenge:

**a. Burden.** The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

**b. Notice; Opportunity to Challenge.** A party who contends that Protected Material is not entitled to confidential treatment shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have ten (10) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

**c. Treatment as Protected Material until Order or Withdrawal.** Notwithstanding any challenge to the designation of documents as such, all material previously designated "CONFIDENTIAL" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "CONFIDENTIAL."

/ / /

/ / /

8

**d. No Waiver.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**10.    DURATION; CONCLUSION OF LITIGATION.**

All provisions of this Order restricting the use of Protected Material shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. However, the dismissal of this action will terminate the jurisdiction of this Court, including over this Order.

Within thirty (30) days of the final termination of in the above-entitled action, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all documents and information designated as CONFIDENTIAL by a Designating Party and which has not been challenged, including any copies, or documents containing information taken therefrom, shall be returned to the Designating Party.    In the alternative, within thirty (30) days of the final termination of this case, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all such documents, including copies, may be shredded or disposed of in a manner to ensure the destruction thereof and a declaration certifying such destruction or disposal provided to the Designating Party.    To the extent a party has designated portions of a deposition transcript as CONFIDENTIAL, the non-designating party is under no obligation or duty to shred or dispose of the deposition transcript, however, the CONFIDENTIAL designation will remain.

**11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material designated by another Party or Non-party, the Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

9

**12.    ORDER SUBJECT TO MODIFICATION.**

This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in in the above-entitled action to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

**13.    NO JUDICIAL DETERMINATION.**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

**14.    MISCELLANEOUS.**

**a. Public Health and Safety**. Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

**b. Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**c. Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /

/ / /

/ / /

**15.**         **PERSONS BOUND UPON ENTRY OF ORDER.**

This Order shall take effect when entered and shall be immediately binding upon the Parties (as defined herein).

IT IS SO STIPULATED.

DATED this 3rd day of December, 2018.          DATED this 3rd day of December, 2018.


*/s/ Alina M. Shell*                                    */s/ David B. Farkas, Esq.*
Margaret A. McLetchie, NBN 10931          David B. Farkas, Esq. (Pro Hac Vice)
Alina M. Shell, NBN 11711                      Carol Yur, Esq. (Pro Hac Vice)
**MCLETCHIE LAW**                               **DLA PIPER LLP (US)**
701 East Bridger Avenue, Suite 520         2000 Avenue of the Stars,
Las Vegas, NV 89101                            Suite 400, North Tower
                                                       Los Angeles, CA 90067

*Attorneys for Plaintiff*

                                                       Lawrence J. Semenza III, Esq., NBN 7174
                                                       Christopher D. Kircher, Esq., NBN 11176
                                                       Jarrod L. Rickard, Esq., NBN 10203
                                                       **SEMENZA KIRCHER RICKARD**
                                                       10161 Park Run Drive, Suite 150
                                                       Las Vegas, NV 89145

                                                       *Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

Dated this 17th day of December, 2018.


U.S. DISTRICT MAGISTRATE JUDGE

**EXHIBIT A**

**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS
CONFIDENTIAL**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| TONY SHAW, | Case No.: 2:18-cv-00515-JCM-PAL |
| Plaintiff, | **CERTIFICATION BY<br>COUNSEL OF DESIGNATION<br>OF INFORMATION AS<br>CONFIDENTIAL** |
| vs. | |
| NP SANTA FE, LLC DBA SANTA FE<br>STATION HOTEL & CASINO, a Nevada<br>Limited Liability Company; STATION<br>CASINOS, LLC, a Nevada Limited<br>Liability Company; and RED ROCK<br>RESORTS, INC., a Delaware corporation, | |
| Defendants. | |

Documents produced herewith, whose Bates numbers have been listed on the attached Confidentiality Log, have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____, 2018.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

I am a member of the Bar of the United States District Court for the District of Nevada.  My Nevada Bar number is _____.

_____
Date

_____
Signature of Counsel

_____
Printed Name of Counsel

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTORNEYS AT LAW**
701 EAST BRIDGER AVE, SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

## <u>LOG OF CONFIDENTIAL DESIGNATIONS</u>

| <u>Date of Production</u> | <u>Bates Number or Other Identifier</u> | <u>Specific Description of Documents or Information</u> | <u>Authority/Basis for Designation</u> |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**EXHIBIT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TONY SHAW,<br><br>     Plaintiff,<br><br>vs.<br><br>NP SANTA FE, LLC DBA SANTA FE STATION HOTEL & CASINO, a Nevada Limited Liability Company; STATION CASINOS, LLC, a Nevada Limited Liability Company; and RED ROCK RESORTS, INC., a Delaware corporation,<br><br>     Defendants. | Case. No.: 2:18-cv-00515-JCM-PAL<br><br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, 2018, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada relating to the Confidentiality Order during the pendency of the above-entitled action, the undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination in this action, and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any person, firm, entity, or concern.

/ / /

/ / /

/ / /

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____  _____

Date                                                    Signature